HERMAN BYRD V. THE STATE.

No. 21021. Delivered May 1, 1940.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing whisky in a container not having affixed thereto a stamp showing the payment of the tax due the State of Texas; the punishment, a fine of $100.00.

Operating under a search warrant, officers went to appellant's home and found him in possession of a jug containing whisky. Before the officers could take possession of the whisky appellant poured most of it out. Appellant testified that he found the jug near his home shortly before the officers appeared; that he needed the jug and carried it home; that there was practically nothing in it at the time he found it, although it probably "smelled of liquor."

It is appellant's contention that the State failed to prove that there was not affixed to the jug a stamp showing the payment of the tax due the State of Texas, and, further, failed to prove that there was not affixed to said jug an affidavit showing that the whisky had been withdrawn from a container of whisky on which the taxes had been paid. We are

unable to agree with this contention. One of the officers said: "There was no evidence showing any tax stamps on the container." Another officer testified: "There was no stamp of any kind on the jug at the time, it was like it is now." Upon cross-examination appellant said: "I didn't see any revenue stamp on it (referring to the jug); it had no label on it." Again, appellant testified: "As to whether or not, if it contained a half gallon of whisky, it would be unstamped whisky, I will say I don't know if the tax was paid on it, it had no stamp on it when I picked it up * * *."

Appellant objected to the testimony of the sheriff to the effect that the jug in question had no stamp on it showing the payment of the tax due the State of Texas. It appears to be appellant's contention that the State was required to introduce the jug in evidence. In short, appellant insists that the jug was the best evidence and that the testimony the witness gave was a mere conclusion. If it should be conceded that the objection was well taken—and this is not conceded—it is observed that appellant testified that the jug had neither a tax stamp nor label on it. We think the bill fails to reflect reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.